# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ROBERT BRUCE KITTREDGE, JR.,**
and **THOMAS H. FLUHARTY, as Trustee**
for the Bankruptcy Estate of Robert Bruce
Kittredge, Jr.,

    Plaintiffs,

v.                                   **CIVIL ACTION NO.: 3:15-CV-81**
                                             **(GROH)**

**NAVY FEDERAL CREDIT UNION,**

    Defendant.

## ORDER GRANTING MOTION TO REMAND

Now before the Court is the Plaintiffs' Motion to Remand [ECF No. 5], in which the Plaintiffs move the Court to remand the above-styled civil action to the Circuit Court of Berkeley County, West Virginia, because the amount in controversy requirement of 28 U.S.C. § 1332(a) has not been met. For the following reasons, the Plaintiffs' Motion to Remand is **GRANTED**.

### I. Background

The Plaintiffs' complaint, filed in the Circuit Court of Berkeley County, West Virginia, on June 1, 2015, alleges that the Defendant violated the West Virginia Consumer Credit and Protection Act ("WVCCPA") by placing telephone calls to Plaintiff Robert Bruce Kittredge, Jr. "regularly and continuously" in attempting to collect a debt owed by Kittredge.[1]

---

[1] This civil action is related to a bankruptcy case pending in the Northern District of West Virginia. Accordingly, Thomas H. Fluharty, as trustee for the bankruptcy estate of Plaintiff Robert Bruce Kittredge, Jr., is a Plaintiff in the instant case.

According to the allegations contained in the complaint, the Defendant called Kittredge even after learning that he was represented by counsel, in violation of the WVCCPA. The Plaintiffs assert that the number of calls was unreasonable and excessive—sometimes multiple phone calls per day—and that the telephone calls caused Kittredge significant distress. The Plaintiffs' complaint seeks relief "not to exceed $74,999.99" in damages.

Filed contemporaneously with the Plaintiffs' complaint was a stipulation, titled "Stipulation of Plaintiffs and Attorney for Plaintiff," which provided as follows: "Plaintiffs and attorneys for Plaintiffs agree to be bound by the following stipulation: the Plaintiff shall neither seek nor accept an amount greater than $74,999.99 in this case, including any award of attorney fees but excluding interest and costs." The stipulation was notarized and was signed by each Plaintiff and by Plaintiffs' counsel, Sarah L. Hinkle.

The Defendant removed the case to this Court on July 1, 2015. According to the Defendant, it first received the summons and complaint on June 4, 2015. Therefore, the Defendant's notice of removal was timely filed under the thirty-day time limit articulated in 28 U.S.C. § 1446(b)(1). In its notice of removal, the Defendant asserts that the stipulation executed by the Plaintiffs is not binding because it is ambiguous and because Thomas H. Fluharty, as the trustee of Robert Bruce Kittredge, Jr.'s bankruptcy estate, lacked the authority to enter into the stipulation. The Defendant argues that it is clear that the Plaintiffs' complaint seeks recovery in excess of $75,000 and that, therefore, as complete diversity exists between the parties, the requirements of 28 U.S.C. § 1332 have been satisfied and this Court has valid jurisdiction over the parties' dispute.

In their motion to remand, the Plaintiffs argue that the stipulation attached to their complaint is a valid and binding stipulation and that, even if the stipulation does not defeat

jurisdiction on its own, the Defendant is still unable to show by a preponderance of the evidence that the amount in controversy requirement of 28 U.S.C. § 1332 has been met. Additionally, the Plaintiffs contend that this case must be remanded regardless of the Court's determination on the amount in controversy issue, as the Plaintiffs' claims are not a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Defendant filed a response in opposition to the Plaintiffs' motion to remand and the Plaintiffs filed a reply brief in support. The Plaintiffs' motion is now ripe for disposition.

## II. Applicable Law

Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal court under certain circumstances. To do so, a defendant must file a notice of removal with the appropriate district court, containing "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). A federal court is limited to exercising the authority granted to it under Article III of the Constitution or by federal statute. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts are courts of limited subject matter jurisdiction, there is no presumption that a court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). Therefore, a party is required to allege facts essential to show jurisdiction in the pleadings. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). As removal jurisdiction raises significant federalism concerns, federal courts must strictly construe removal statutes. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). If a federal court's jurisdiction is doubtful, remand is necessary. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). In seeking to remove

an action to federal court, "[t]he burden of demonstrating jurisdiction resides with 'the party seeking removal.'" Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005) (quoting Mulcahey, 29 F.3d at 151).

Pursuant to 28 U.S.C. § 1332, federal courts have original jurisdiction over cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). In determining the amount in controversy when no specific demand is contained in a plaintiff's complaint, a federal court should look to the likely monetary relief a plaintiff may be granted if successful on his claims, with an eye to entire record. Grubb v. Jos. A. Bank Clothiers, Inc., No. CIV.A. 2:05-0056, 2005 WL 1378721, at *5 (S.D. W. Va. June 2, 2005). Critically, a defendant's removal cannot be based on speculation, but must be based on the facts that existed at the time of removal. Soos v. Kmart Corp., No. CIV.A. 5:08CV163, 2009 WL 192447, at *2 (N.D. W. Va. Jan. 26, 2009). "When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." Elliott v. Tractor Supply Co., No. 5:14CV88, 2014 WL 4187691, at *2 (N.D. W. Va. Aug. 21, 2014) (citing 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 (3d ed.1998)).

### III. Discussion

The Plaintiffs argue that their motion to remand must be granted for two reasons. First, the Plaintiffs contend that the stipulation submitted together with their complaint was a binding and unambiguous stipulation, legally effective to render removal improper.

Second, the Plaintiffs assert that, regardless of the validity of the stipulation, the amount in controversy is less than $75,000 and the Defendant cannot prove otherwise.

In order for a stipulation as to the amount in controversy to prevent removal, the stipulation must be "a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery." McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001) (citing Hicks v. Herbert, 122 F. Supp. 2d 699, 701 (S.D. W. Va. 2000)). "The requirement of a 'formal' stipulation is satisfied when the stipulation is signed and notarized." Taylor v. Capital One Bank (USA), N.A., No. CIV.A. 5:09-CV-00576, 2010 WL 424654, at *2 (S.D. W. Va. Feb. 4, 2010) (citing Hamilton, Burgess, Young & Pollard, PLLC v. Markel American Ins. Co., 2006 WL 218200 at *2 (S.D. W. Va. Jan. 25, 2006)). In addition, "[t]he stipulation should be filed contemporaneously with the complaint, which also should contain the sum-certain prayer for relief." McCoy, 147 F. Supp. 2d at 486 (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995)).

Here, the Defendant claims that the Plaintiffs' stipulation is invalid—and thus cannot serve as a basis for remand—for several reasons. First, the Defendant argues that the stipulation is ambiguous. As the Defendant notes, the Plaintiffs' stipulation is titled "Stipulation of Plaintiffs and Attorney for *Plaintiff*," and reads "*the Plaintiff* shall neither seek nor accept an amount greater than $74,999.99 in this case." (emphases added). It is the Defendant's position that these references to one singular "Plaintiff"—as opposed to the two Plaintiffs involved in this case—render the stipulation so ambiguous as to be

ineffective.[2]  The Court rejects the Defendant's argument.  The Plaintiffs aver that the use of the singular "Plaintiff" in these instances was the product of a typographical error.  The Court finds that the Plaintiffs' stipulation was plainly meant to bind each individual Plaintiff.  The first clause of the one-sentence stipulation reads, "Plaintiffs and attorneys for Plaintiffs agree to be bound by the following stipulation . . . ."  The stipulation is signed by each Plaintiff and by Sarah L. Hinkle, counsel for both Plaintiffs in this matter, with the signature and seal of a notary public following each individual signature.  The only reasonable interpretation of the document—which, forgiving the two uses of the singular "Plaintiff," is otherwise entirely straightforward—is that it was meant to be binding upon each and every Plaintiff in this matter.

Next, the Defendant contends that the trustee, Thomas H. Fluharty, lacked the authority to agree to the stipulation, because the stipulation represented an abandonment of value on behalf of the bankruptcy estate and, therefore, required notice and a hearing for prior approval.  The Court finds this argument equally unavailing.  Fluharty, as bankruptcy trustee, must act in the best interests of the estate, but his methods of disposition will be respected so long as he acts reasonably and obtains fair value for the property. In re Merry-Go-Round Enterprises, Inc., 180 F.3d 149, 162 (4th Cir. 1999) (citing In re Frezzo, 217 B.R. 985, 989 (Bankr. E.D. Pa. 1998), aff'd in part, 225 B.R. 581 (E.D. Pa. 1998)).  Here, the trustee's decision to seek relief in state court, as opposed to federal court, represents a value judgment, not an abandonment of any value of the estate.  The

---

[2] The Defendant also highlights a typographical error contained in the Plaintiffs' memorandum in support of their motion to remand.  That filing contains a reference to three Plaintiffs, instead of two.  This error likely was a product of the overlap of this litigation and a virtually identical case pending before this Court in which the same counsel have briefed the same issues.

trustee's decision cannot serve as a basis for rejecting the Plaintiffs' stipulation.

While the Court rejects the Defendant's challenges to the validity of the Plaintiffs' stipulation, the Court finds that the stipulation alone does not defeat federal jurisdiction. The stipulation would be entirely valid, binding and effective to preclude removal, but for the absence of a sum-certain prayer for relief in the Plaintiffs' state court complaint. The Plaintiffs' stipulation was filed pre-removal. Indeed, it was filed contemporaneously with the Plaintiffs' complaint. The stipulation was signed by counsel and by each of her clients. However, the Plaintiffs' complaint does not "contain the sum-certain prayer for relief" required by federal courts in this state. McCoy, 147 F. Supp. 2d at 486. Instead, the Plaintiffs' complaint seeks damages "not to exceed $74,999.99." Accordingly, the Court finds that the stipulation, standing alone, does not require remand. See Bailey v. SLM Corp., No. 5:11-CV-00715, 2012 WL 1598059, at *5 (S.D. W. Va. May 7, 2012) ("Plaintiff failed to include a sum-certain prayer of relief in her complaint. . . . In light of this omission, Plaintiff's stipulation does not conform to the standard discussed in McCoy and would not be effective to defeat diversity jurisdiction.").

Having thus found the stipulation insufficient to preclude removal on its own, the Court must attempt to discern the amount in controversy in this case. In its notice of removal, the Defendant argues that the Plaintiffs must be seeking some amount of equitable relief, as their complaint requests "such other and further relief as this Court may deem appropriate." The Court finds this argument rather disingenuous, and sees no need to address it at length. The complaint does not seek equitable relief, and instead includes a prayer for less than $75,000 in monetary damages.

In its response in opposition to the Plaintiffs' motion to remand, the Defendant

argues that the facts alleged in the Plaintiffs' complaint establish by a preponderance of the evidence that the Plaintiffs are seeking more than $75,000 in monetary damages. In an attempt to demonstrate the approximate value of the Plaintiffs' claims, the Defendant urges the Court to consider that the Plaintiffs allege multiple violations of the WVCCPA, beginning on May 21, 2013, and continuing for a lengthy period thereafter. According to the Defendant, "Plaintiffs' Complaint alleges easily more than sixteen violations," which, if proven, would allow for statutory penalties in excess of $75,000. Under these circumstances, the Court is reluctant to engage in speculation as to the number of potential violations of the WVCCPA that might have occurred in this case. See Osgood v. BB & T Fin., FSB, No. 5:12-CV-00582, 2012 WL 1458102, at *2 (S.D. W. Va. Apr. 26, 2012) ("The court recognizes that to seek over $75,000, the plaintiff need not prove many violations of the WVCCPA. However, to determine whether the plaintiff will seek to show one violation or one hundred violations of the WVCCPA, the court would be engaging in pure speculation."). The Defendant convincingly argues that the Plaintiffs are seeking damages arising from multiple violations of the WVCCPA, and the Plaintiffs—in their response in opposition to the Defendant's motion to dismiss—acknowledge that they allege multiple violations. But there remains some doubt as to the number of violations and, therefore, as to the total amount in controversy. The best evidence of the amount in controversy is the Plaintiffs' stipulation. The stipulation does not require remand on its own, but only because the Plaintiffs' complaint does not include a sum-certain prayer for relief. The otherwise-valid stipulation and the content of the complaint itself serve to persuade the Court that the Plaintiffs are not seeking damages in excess of $75,000. See id. ("[A]lthough the parties' agreement and the plaintiff's stipulation are not binding on the court, together they strongly

suggest that the amount sought by the plaintiff does not exceed $75,000."). And, as noted, it is the Defendant, not the Plaintiffs, who must persuade the Court that the amount in controversy requirement of 28 U.S.C. § 1332 has been met. With the amount in controversy—and thus diversity jurisdiction—doubtful, the Court must order remand. Mulcahey, 29 F.3d at 151.

As a final matter, the Court denies the Plaintiffs' request for attorney's fees. The Court finds that, although remand is appropriate, the Plaintiffs' stipulation did not automatically preclude removal and the Defendant had an objectively reasonable basis for seeking removal under the circumstances. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

### IV. Conclusion

Accordingly, the Court **GRANTS** Plaintiffs' Motion to Remand [ECF No. 5]. The Court hereby **REMANDS** this case to the Circuit Court of Berkeley County, West Virginia. The Plaintiffs' Motion to Hold Motion to Dismiss in Abeyance Pending Resolution of Plaintiffs' Motion to Remand [ECF No. 9] is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein and to the Circuit Court of Berkeley County, West Virginia.

**DATED:** January 4, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE